UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| MANUEL ALFREDO MANCILLAS, | § | |
| Petitioner, | § § § | |
| VS. | § § | CIVIL ACTION NO. 5:18-CV-127 |
| UNITED STATES OF AMERICA, | § § § | CRIMINAL ACTION NO. 5:17-CR-111 |
| Respondent. | § § | |

## REPORT AND RECOMMENDATION

Pending before the Court is a 28 U.S.C. § 2255 Motion filed by Petitioner, Manuel Alfredo Mancillas. (Dkt. No. 1; Cr. Dkt. No. 32.)[1] The District Court has referred the Motion to the undersigned United States Magistrate Judge. (Dkt. No. 4.) Pursuant to 28 U.S.C. § 636(b)(3), the undersigned Magistrate Judge submits this Report and Recommendation recommending that the District Court **DENY** Petitioner's Motion.

### I. Background

On January 19, 2017, Petitioner was arrested at the Lincoln Juarez International Bridge in Laredo, Texas after 4.06 kilograms of methamphetamine was discovered in his truck (he was attempting to enter into the United States). (Cr. Dkt. No. 21 at 5–6.) Petitioner subsequently pled guilty without a plea agreement and was sentenced to 84 months of imprisonment (51 months *below* his Guidelines range of 135–168 months of imprisonment). (Aug. 1, 2017 Hrg. at 11:50:25–11:51:24; Cr. Dkt. No. 30; Cr. Dkt. No. 21 at 7–8.)

Three days after sentencing, Petitioner filed a Notice of Non-Appeal. (Cr. Dkt. No. 29.) Petitioner certified in English and Spanish, "I know that I have the right to appeal to the Court of

---

[1] "Dkt. No." is a citation to the entries in Civil Action No. 5:18-CV-127. "Cr. Dkt. No." is a citation to the entries in Criminal Action No. 5:17-CR-111.

Appeals [and] I have discussed my case with my attorney and I have decided not to pursue an appeal." (*Id.*)

Petitioner filed the instant § 2255 Motion asserting that his attorney provided ineffective assistance by failing to file an appeal of the District Court's denial of a minor role adjustment. (Dkt. No. 1 at 6–7; Cr. Dkt. No. 32 at 6–7.) Petitioner's Motion was filed six days after the statutory deadline and he requests that his Motion be considered timely under the doctrine of equitable tolling. (*Id.* at 3–4.)

## II. Analysis

### A. Petitioner's Motion Was Timely Filed

Petitioner's Motion is timely filed if it was handed over to the prison authorities on or before August 21, 2018. *See* 28 U.S.C. § 2255(f)(1); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) ("We hold that the habeas corpus petition of a pro se prisoner litigant is filed . . . at the time the petitioner tenders the petition to prison officials for mailing."). He signed it on August 21, 2018 and it was mailed the next day, August 22, 2018. (Dkt. No. 1; Cr. Dkt. No. 32.) Under these facts, the Magistrate Judge finds that Petitioner's Motion was timely. Therefore, it is not necessary to determine whether the doctrine of equitable tolling applies to Petitioner's Motion.

### B. Petitioner's Claim of Ineffective Assistance of Counsel Is Without Merit

Petitioner alleges that his attorney was ineffective for failing to file a direct appeal of the District Court's denial of a U.S.S.G. § 3B1.2 minor role adjustment. (Dkt. No. 1 at 7; Cr. Dkt. No. 32 at 7.) This allegation is without merit.

"[A] defendant who explicitly tells his attorney not to file an appeal plainly cannot later complain that, by following his instructions, his counsel performed deficiently." *Roe v. Flores-Ortega*, 528 U.S. 470, 477, 120 S. Ct. 1029, 145 L. Ed. 2d 985 (2000) (citing *Jones v. Barnes*, 463 U.S. 745, 751, 103 S. Ct. 3308, 77 L. Ed. 2d 987 (1983)); *see also Jones* 463 U.S. at 745

("The accused has the ultimate authority to make certain fundamental decisions regarding his case, including the decision whether to take an appeal . . . .").

The District Judge informed Petitioner before he pled guilty that he would have the right to appeal his sentence. (Apr. 4, 2017 Hrg. at 10:41:16–10:41:32.) The District Court again informed Petitioner of the same after rejecting the minor role adjustment and announcing his sentence. (Aug. 1, 2017 Hrg. at 11:52:04–11:52:16.) Petitioner's Judgement of Conviction was signed on August 1, 2017. (Cr. Dkt. No. 30.) Petitioner filed a Notice of Non-Appeal three days later on August 4, 2017, in which he signed and certified that he "decided not to pursue an appeal." (Cr. Dkt. No. 29.) Accordingly, Petitioner's claim of ineffective assistance of counsel for failing to appeal his sentence is without merit.

### C. A District Court's Decision Not to Apply A Minor Role Reduction Cannot Be Raised in a § 2255 Motion

Even if Petitioner's attorney had filed a direct appeal on Petitioner's behalf, the District Court's denial of a minor role adjustment was not reviewable on direct appeal and cannot be raised in a § 2255 motion. Only an error of law in application of the sentencing guidelines is reviewable on direct appeal. *See United States v. Palmer*, 122 F.3d 215, 222 (5th Cir. 1997) ("[W]e have no jurisdiction if the court's refusal is based on its determination that departure is not warranted on the facts of the case."). Additionally, a misapplication of the sentencing guidelines does not constitute a constitutional violation and is outside the scope of relief provided by 28 U.S.C. § 2255. *See United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam) ("A district court's technical application of the Guidelines does not give rise to a constitutional issue.").

Here, Petitioner does not allege that the District Court made an error of law when denying his request for a minor role adjustment. The record clearly shows that the District Court

considered the appropriate legal factors when making its factual determination to deny Petitioner a minor role adjustment. (Aug. 1, 2017 Hrg. at 11:19:11–11:52:27.) With that said, although the District Court denied Petitioner's minor role request, he still received a sentence of only 84 months (51 months *below* his Guidelines range of 135–168 months of imprisonment). (*Id.* at 11:50:25–11:51:24; Cr. Dkt. No. 21 at 7–8.) Accordingly, Petitioner's claim fails on the merits.

### III. Conclusion

For the foregoing reasons, the Magistrate Judge recommends that the District Court **DENY** Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to Title 28 U.S.C. § 2255. (Dkt. No. 1; Cr. Dkt. No. 32.)

### Notice of Right to Object

Pursuant to 28 U.S.C. § 636, the parties are granted fourteen days to submit written objections to the proposed findings and recommendations of a magistrate judge. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc)).

A party's failure to file written objections to the proposed findings and recommendations contained in a Report within fourteen (14) days after being served with a copy of the Report bars that party from *de novo* review by the District Court of the proposed findings and recommendations and, except upon grounds of plain error, bars the party from appellate review of proposed factual findings and legal conclusions accepted by the District Court to which no objections are filed. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985);

*Douglass*, 79 F.3d at 1428-29.

The Clerk of Court is DIRECTED to send a copy of this Report and Recommendation to Petitioner Manuel Alfredo Mancillas via certified mail, return receipt requested.

**SIGNED** this 7th day of March, 2019.

                                            Sam S. Sheldon
                                            United States Magistrate Judge