UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| MANUEL ALFREDO MANCILLAS | § | |
| | § | |
| Petitioner | § | |
| VS. | § | CIVIL ACTION NO. 5:18-CV-127 |
| | § | CRIMINAL ACTION NO. 5:17-CR-111 |
| UNITED STATES OF AMERICA | § | |

## ORDER

United States Magistrate Judge Sheldon issued a Report and Recommendation in accordance with 28 U.S.C. § 636(b)(1) recommending that Defendant's § 2255 Motion (Dkt. No. 1; Cr. Dkt. No. 32)[1] be **DENIED** and that this action be **DISMISSED**. (Dkt. No. 6; Cr. Dkt. No. 33). Neither Party has filed objections to the Report and Recommendation.

Applying a plain-error standard of review to the proposed findings and recommendations, the Court hereby **ADOPTS** Parts I, II.A, II.B, and III of the Report and Recommendation (Dkt. No. 6; Cr. Dkt. No. 33) as the findings and opinion of the Court and makes one supplemental finding: Petitioner's attorney, Assistant Federal Public Defender David Castillo, filed his own affidavit in response to Petitioner's § 2255 motion asserting:

> On August 1, 2017, the day of sentencing, I spoke with Mr. Mancillas after his sentencing hearing and explained the sentence in its entirety and his right to appeal. I advised him that I would travel to CCA to visit with him and further counsel him regarding his right to appeal. The judgment was entered on August 6, 2017 [Dkt. Entry No. 30]. On August 4, 2017 I traveled to CCA to meet Mr. Mancillas regarding his right to appeal. On this date, I again reviewed the sentence in its

---

[1] "Dkt. No." refers to the civil case, and "Cr. Dkt. No." refers to the criminal case.

> entirety with Mr. Mancillas. I reviewed with him that at sentencing he was facing a recommended guideline score of 135-168 months. I advised him that this Court, with the downward variance, had put him close enough to the range of minor role. The Court sentenced Mr. Mancillas to 84 months considering § 3553 factors. I explained to Mr. Mancillas his right to appeal. After discussing his right to appeal Mr. Mancillas stated he did not wish to file an appeal. On August 4, 2017, Mr. Mancillas signed the Notice of Non-Appeal that was filed with the court. (Cr. Dkt. No. 29D).] In addition, Mr. Mancillas initialed and signed an internal office document regarding his decision regarding an appeal. Exhibit "A." Prior to Mr. Mancillas filing his § 2255 motion, I was never contacted by Mr. Mancillas with a request to file an appeal.

(Dkt. No. 11). Based on the record, Castillo's affidavit, and the Court's personal knowledge of Castillo's reputation and credibility, the Court finds that Petitioner's ineffective-assistance-of-counsel claim also fails under *Strickland*'s deficiency prong. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (holding that to raise a successful ineffective-assistance-of-counsel claim, a petitioner must establish that her counsel's performance was constitutionally deficient).

Accordingly, Defendant's § 2255 Motion (Dkt. No. 1; Cr. Dkt. No. 32) is **DENIED**, and this civil action is **DISMISSED WITH PREJUDICE**.

It is so **ORDERED**.

**SIGNED** May 22, 2019.

_____
Marina Garcia Marmolejo
United States District Judge